NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC ANTHONY ALSTON, Jr., | No. 25-888 |
| Plaintiff - Appellant, | D.C. No. 2:18-cv-02420-TLN-CKD |
| v. | |
| COUNTY OF SACRAMENTO; EMILY BALL; MADRIAGO, | MEMORANDUM* |
| Defendants - Appellees, | |
| SCOTT R. JONES, ERIC BUEHLER, CONNOR MILLIGAN, JESSE INIGUEZ, TRUMMEL, KEN LLOYD, RIVERA, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 31, 2026**

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eric Alston, Jr., appeals the district court's grant of summary judgment to the County of Sacramento and Deputies Ball and Madriago on his claims arising from his November 2017 arrest and transport. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007), we affirm.

1.      The district court properly granted summary judgment on Alston's Fourth Amendment excessive force claim against Deputy Ball. Alston argued that Deputy Ball braked hard, causing him to continuously strike his head on the vehicle partition. The in-car camera footage contradicts that account, showing that Alston shifted forward toward the partition twice over an eleven-minute drive. We therefore do not adopt Alston's version of that event. *See Scott v. Harris*, 550 U.S. 372, 378–81 (2007) (finding that a video "so utterly discredited" the plaintiff's version of events that "no reasonable jury could believe it").

No reasonable jury could find that Deputy Ball's driving constituted an objectively unreasonable use of force. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (balancing factors to determine whether use of force was excessive). Deputy Ball slowed twice in heavy traffic, and there is no evidence that she drove dangerously at a high speed, swerved, or otherwise drove inconsistent with traffic conditions. Weighing the minimal nature of that intrusion against the governmental interests at stake, the balance favors Deputy Ball. *See Arpin v. Santa Clara Valley*

*Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001).

2.      The district court properly granted summary judgment on Alston's Fourteenth Amendment failure-to-protect claims against the deputies. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (elements of claim). It is undisputed that the deputies observed Alston, wearing his walking boot, descend stairs without any problems and walk to the patrol car unassisted in handcuffs. It is also undisputed that the deputies used no force to place him in the car. A reasonable officer in these circumstances would not have foreseen a high degree of risk of injury from the instruction to step into a patrol car. *See id.* (deliberate indifference requires showing conditions that put a plaintiff at "substantial risk of serious harm" and that a reasonable officer "would have appreciated the high degree of risk involved").

3.      The district court properly granted summary judgment on Alston's state-law negligence claims because Alston did not genuinely dispute whether deputies acted negligently when they instructed Alston to enter the patrol car while he wore a walking boot and was handcuffed behind his back. *See Hayes v. County of San Diego*, 305 P.3d 252, 258 (Cal. 2013) (explaining that reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and that "[s]ummary judgment is appropriate when the trial court determines that, viewing the facts most favorably to the plaintiff, no

reasonable juror could find negligence" (citation modified)). The undisputed facts show that the deputies gave their instruction after witnessing Alston use stairs without issue and walk to the patrol vehicle with his hands cuffed behind his back. No evidence shows that it was a foreseeable consequence of the deputies' conduct that the boot would get caught on the divider. Thus, a reasonable jury could not find from the evidence that the deputies acted negligently by not preventing his fall.

4.      Because Alston failed to raise a triable issue on any underlying constitutional violation, his Bane Act claim necessarily fails. *See* Cal. Civ. Code § 52.1(b); *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1155 (9th Cir. 2022). For the same reason, the County cannot be liable under 42 U.S.C. § 1983. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

We have considered Alston's remaining contentions and find them unpersuasive.

**AFFIRMED.**